## CIRCUIT COURT OF THE CITY OF RICHMOND

Patricia L. Young

v.

Moore Insurance Agency, Inc.,
and Dairyland Insurance Co.

March 15, 1985

Case No. LH 783

By JUDGE MARVIN F. COLE

The facts in the case have been stipulated to the effect that in August of 1981, Rosalyn Y. Bradby went to the Moore Insurance Agency and filled out an application of insurance to secure an automobile liability insurance policy, which subsequently was issued through the Dairyland Insurance Company. It is stipulated in the case that Bradby made three misrepresentations when she applied for the insurance as follows:

1. She stated she was the owner of the automobile, when in fact she was not the owner of the automobile, and the automobile was titled in the name of Donald Cotman.

2. She stated she was a licensed driver, when in fact she did not have a driving permit and had never had one.

3. She stated there were no other licensed drivers in her household, when in fact Donald Cotman, a licensed driver, was living with her in the same household.

Ms. Bradby stated that her purpose was to later go to the Division of Motor Vehicles and have the automobile transferred to her name and that it was her intention to get a driving permit. Some eight months

later she did, in fact, get a driving license. She stated that the purpose of making the transfer was that the costs of insurance to her was $42.00 a month and Cotman had to pay $62.00 per month as a male driver and that it would reduce their insurance costs by placing the car in her name and securing the insurance in her name.

Section 38.1-336 of the Code of Virginia states that all statements, declarations and descriptions in any application for a policy of insurance shall be deemed representations and not warranties, and no statement in such application or in any affidavit made before or after loss under the policy shall bar a recovery upon a policy of insurance, or be construed as a warranty, anything in the policy to the contrary notwithstanding, unless it be clearly proved that such answer or statement was material to the risk when assumed and was untrue.

Therefore, it is admitted in this case that the representations were untrue, and therefore the only question is whether the above three false statements are material to the risk in this case.

There are a number of Virginia cases which define what a material misrepresentation is. In the case of *Virginia Mutual* v. *State Farm Mutual*, 204 Va. 783 (1963), the Supreme Court quoted a previous Virginia case as follows:

> A fair test of the materiality of a fact is found in the answer to the question, whether reasonably careful and intelligent men would have regarded the fact communicated at the time of effecting the insurance as substantially increasing the chances of the loss insured against so as to bring about a rejection of the risk or charging an increased premium.

In regard to the misrepresentation of the ownership of the motor vehicle, *Blashfield Automobile Law and Practice*, Section 302.1, states that an insurance company has every right to know whose automobile it is insuring and a false representation as to the ownership of an insured vehicle may release the company from liability on policies insuring the vehicle against

loss or damage by fire, theft or other casualty. It is further stated that in the absence of a statute to the contrary or waiver of the condition, a policy provision of this nature is considered material, reasonable, valid, and enforceable, and precludes recovery if the insured is without such title or interest.

The second misrepresentation was in regard to the driving permit. If the insured did not have a driving permit, this would insure the fact that many other types of people would be driving the automobile. Some of them might be good drivers and some of them might be poor drivers and therefore I am of the opinion that a false representation as to a driving permit is a material misrepresentation of fact.

In regard to the third misstatement made by Bradby, I am also of the opinion that is a material misstatement of fact. The insurance company is entitled to know who lives in the household and who is most likely to be driving the motor vehicle. If there are five licensed drivers in the household, then all five of them will probably be driving the motor vehicle. If there is only one licensed driver in the household, then most likely only one person will be driving the automobile. I believe this is valid information which the insurance company is entitled to when they are determining whether they will accept a risk or not.

I am, therefore, of the opinion that Bradby made materially false statements to the insurance company in her application and for that reason the policy is void *ab initio*. It has been stipulated between the parties that had the insurance company known of the above facts, they would not have issued the policy.